IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID G. STRINGER,

        Plaintiff,

vs.                                        Case No. 21-3256-SAC

JEFF ZMUDA, Secretary of
Corrections, KANSAS DEPARTMENT
OF CORRECTIONS, JOHN AND JANE
DOES, ##1-5,

        Defendants.

MEMORANDUM AND ORDER

The plaintiff David G. Stringer ("Stringer") *pro se* has filed a civil rights complaint seeking relief pursuant to 42 U.S.C. § 1983. ECF# 1. The plaintiff alleges violations of his rights to procedural due process and substantive due process from the Kansas Parole Board's order dated December 19, 2008, which put him "under the jurisdiction of the Kansas Parole Board and the Secretary of Corrections until expiration of the period of post release supervision, plus the amount of good time credits earned and retained by the inmate, to wit: 06/05/2024." ECF# 1-1, p. 20. Stringer asks for injunctive relief releasing him from the state's post release supervision, for declaratory relief that the defendants failed to comply with state law and with the federal constitution in allegedly extending his post release supervision, for compensatory damages of $10,000 to address his loss coming from the defendants' execution of his post release supervision, and for punitive damages of $100,000.

The following appears in what the plaintiff alleges in and attaches to his complaint. In November of 1983, Stringer was convicted in Kansas on three counts of

1

aggravated robbery and was sentenced to concurrent terms of seven to twenty years. ECF# 1-1, p. 9. He escaped from the custody of Kansas Department of Corrections ("KDOC") in El Dorado on April 6, 1987. ECF# 1-1, p. 3. Just over a month later, the plaintiff alleges he was arrested on new offenses he committed in Las Vegas, Nevada. Convicted of those offenses, he was sentenced later in 1987 to a term of incarceration that would run consecutive to his remaining Kansas sentence. Stringer was returned to Kansas in January of 1988 and incarcerated until November of 1988, whereupon he was returned to Nevada. He was released from his incarceration in Nevada in July of 2005 and allowed to serve his Nevada post release supervision in Kansas.

The plaintiff alleges that on December 15, 2008, during a visit with his supervising officer in Wyandotte County, Kansas, he was taken into custody by two Lansing police officers. The plaintiff alleges he was released on December 19, 2008, with a Kansas Parole Board Certificate of Release showing that he was released but required to report to the Lansing parole office for post release supervision on his Kansas convictions. The Parole Board's order specified that Stringer would remain under its jurisdiction for post release supervision that did not expire until June 5, 2024, subject to good time credits. Stringer does not allege having pursued any other proceedings, review, or remedies over the Kansas Parole Board's release order and his term of post release supervision for the Kansas convictions.

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). Such complaints or any portions thereof must be dismissed if a

plaintiff raises claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). All well-pleaded allegations in the complaint are accepted as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prisoner life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Challenges to the execution of a state sentence, including actions of a state parole board, by an inmate seeking release from allegedly illegal confinement are in the nature of habeas corpus claims. *See Preiser v. Rodriguez*, 411 U.S. at 489. Thus, when the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994). "Before a federal court

3

may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Therefore, the plaintiff's claim challenging the length of his state post release supervision is not cognizable in a § 1983 action.

Nor can the plaintiff proceed on this complaint with a § 1983 action to recover monetary damages based on the alleged invalidity of his post release supervision. "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed . . . , expunged . . . , declared invalid . . . , or called into question . . . ." *Heck*, 512 U.S. at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* at 487. Any monetary judgment here would "necessarily imply the invalidity" of Stringer's post release supervision. *Id.* Because the plaintiff's complaint alleges and shows he is still subject to this post release supervision, the plaintiff cannot demonstrate that his sentence has already been invalidated. Therefore, the plaintiff's complaint also must be dismissed as barred by *Heck*.

IT IS THEREFORE ORDERED that plaintiff's § 1983 complaint is dismissed for failure to state a claim for relief, and his motion for leave to proceed in forma pauperis is denied as moot.

5

Dated this 6th day of December, 2021, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge